(December 21, 1912.)

## POTLATCH LUMBER CO., Respondent, v. CITY OF LEWISTON, Appellant.

[129 Pac. 1073.]

APPEAL from the District Court of the Second Judicial District for Nez Perce County. Hon. E. C. Steele, Judge.

Fred E. Butler, for Appellant, files same brief as in *Chamberlain v. City of Lewiston, ante,* p. 154.

Geo. W. Tannahill, James E. Babb, and McNamee & Harn, for Respondents.

That the Idaho rule follows the Pennsylvania doctrine, and not that of New York, has been repeatedly held by this court, the effect of its decisions being to hold the property involved subject to the claims of laborers and materialmen, irrespective of moneys due the contractor, this court having held that full payment to the contractor by the owner constitutes no defense to the lienor's claims. (*Shaw. v. Johnston,* 17 Ida. 676, 107 Pac. 399.)

For a similar liberal construction of the lien laws, see *Nelson Bennett Co. v. Twin Falls Land & Water Co.*, 14 Ida. 5, 93 Pac. 789; *Badger Lumber Co. v. Malone*, 8 Kan. App. 121, 54 Pac. 692; *Weeter Lumber Co. v. Fales*, 20 Ida. 255, 118 Pac. 289.

"The mechanic's lien law is remedial, and should be liberally construed." (*Sarchet v. Legg*, 60 Or. 213, 118 Pac. 203; *Lyons v. Howard*, 16 N. M. 327, 117 Pac. 842.)

The true test of recoverability would seem not to be the arbitrary one of whether the materials furnished form a part of the completed structure, but, rather, were the labor or materials furnished so essential that the completed structure could never have been attained without them or by furnishing other equivalent material or labor. (*Pratt v. Nakdimen*, 99 Ark. 293, 138 S. W. 974, Ann. Cas. 1913A, 872; *Giant Powder Co. v. Oregon Pac. R. Co.*, 42 Fed. 470, 8 L. R. A. 700; *Hill v. Twin Falls Salmon River Land & Water Co.*, 22 Ida. 274, 125 Pac. 204.)

As to the abandonment of the work, see 27 Cyc. 100h.

As to the destruction of the building or improvement, see 27 Cyc. 286; *Viles v. Green*, 91 Wis. 217, 64 N. W. 856.

AILSHIE, J.—This is one of the actions for foreclosure of a mechanic's lien referred to in the opinion of *Chamberlain v. City of Lewiston, ante,* p. 154, 129 Pac. 1069, and upon the authority of that case the judgment must be affirmed.

Judgment affirmed and costs awarded in favor of respondent.

Stewart, C. J., and Sullivan, J., concur.